### Beach Gravel and Sand Company v. Burr Simmons et al.

1. UNCONSCIONABLE CONTRACTS—*Courts of Equity Will Not Enforce.*—A court of equity, when asked by an assignee to enforce an unlimited license to take sand and gravel from the premises of another, will not do that which, under the circumstances, appears inequitable; it will not enforce an unconscionable contract.

Beach Gravel and Sand Co. v. Simmons.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.   Heard in this court at the October term, 1895.   Affirmed.   Opinion filed March 3, 1896.

## STATEMENT OF THE CASE.

This is an appeal from the judgment of the Circuit Court of Cook County, dismissing the complainant's bill for want of equity.   The bill, as finally presented to the court, after supplemental bill and two amendments, prays for an injunction to restrain the defendants from interfering with complainant's possession of certain lands, situate in the State of Wisconsin, and also prays that a certain lease of said lands be delivered up and canceled.

To the bill the defendant filed their several demurrers, which were sustained, and the bill was dismissed, as above stated.

The bill, supplemental bill, amendment to bill and second amended bill, to all of which demurrers were sustained, set out a lease from defendant Simmons to John Sershon and Henry C. Clybourn, of certain Wisconsin lands, together with the right and privilege of taking sand and gravel therefrom.   The lease reserved a rent of $175 per quarter, of which the first $75 was to be paid instanter, $100 January 1, 1895, $175 April first, and the first of each quarter thereafter.   It also contained a clause giving the lessor the right to determine the lease, and re-enter upon failure to pay the rent at the time specified, upon giving notice in writing to the second parties.

Complainant claims by mesne conveyance under this lease. The rent due on January 1st was not paid, and on the 18th of January, defendant Simmons served written notice on complainant that he elected to terminate the lease and take possession.   January 26th, complainant tendered $100, without interest, to said Simmons, which was refused, and again on April 3d, complainant caused another tender of $275, without interest, to be made to Simmons.   The bill does not in terms state that this tender was refused, but it was in fact not accepted.   It is admitted that these several

amounts were due. Meantime Simmons had leased said premises to defendants, Gaffney and Long, and their lease had been recorded. Upon this state of facts complainant asks to have defendants enjoined from trespassing on the lands.

DAVID S. GEER and J. L. BENNETT, attorneys for appellant.

R. A. CHILDS and CHARLES HUDSON, solicitors for appellee Burr Simmons.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The agreement under consideration, called a lease, is much more than a lease. It is not only a letting, but a license to take and carry away sand; in effect, a sale of so much of the sand of the premises as the party of the second part might during the term see fit to remove. This license or sale is the substantial part of the agreement, the only thing which gives to it value.

It is out of this right that the present contention has arisen, and but for such right the agreement would not have been made.

A mere lease is assignable.

We do not deem it necessary to determine whether the right to remove sand given to the party of the second part to this agreement is, under the terms of the agreement, assignable.

The complainant does not allege that by assignment or otherwise it has become so related to the agreement that it has undertaken to carry out and perform to the end of the term the undertakings of the party of the second part thereto. It merely claims to be an assignee of what it styles a lease.

The assignee of a lease, by abandoning the premises and assigning over the lease, may rid himself of all liability for future rent.

The complainant proceeds upon the theory that there has

been at law a forfeiture of this lease, which equity will relieve against.

As an assignee of the "lease" it asks for such relief, but it does not in its bill offer to step into the shoes of the original·lessee; it retains the advantageous position of being able to rid himself of the lease if it shall prove a burden.

Neither the original lessee nor the party who guaranteed performance by such lessee are parties to this bill.

If the forfeiture should in this proceeding be set aside, and the complainant should abandon the premises and assign over, the lessor would be left with a contract he has elected to declare at an end, remediless so far as collecting future rent is concerned.

It is manifest that an owner might be willing to make with an ordinary neighbor a contract permitting the removal of sand, which he would not be willing to give to a corporation whose sole business was the removal and sale of such material. The ordinary neighbor, he might reasonably anticipate, would take but a small quantity, while a beach gravel and sand company might substantially destroy his premises, leaving nothing but a pit.

A court of equity when asked by an assignee to enforce such a contract will not do that which, under the circumstances, appears inequitable; it will not enforce an unconscionable contract.

What consideration moved the court below we can not tell. Looking at the record, the decree of the Circuit Court is not found to have been without warrant.

The decree of the Circuit Court is affirmed.